UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL SHARP,<br><br>    Defendant. | Case No. 2:24-cr-00173-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant Michael Sharp's Motion to Dismiss (Dkt. 35); the Government's Motion to Set Case for Trial (Dkt. 46); and Defendant's Motion to Stay Proceedings (Dkt. 49). Having reviewed the record and the parties' submissions, the Court finds that oral argument would not significantly aid its decision-making process, and it decides the motions on the parties' briefing. *See* Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] For the reasons discussed below, the Court denies Defendant's motion to dismiss; grants the Government's motion to set the case for trial; and denies Defendant's motion to stay proceedings.

---

[1] While this is a criminal case, the local civil rule regarding hearings will apply here because a general provision in the local civil rules will apply when there is no corresponding criminal rule. *See* Dist. Idaho Loc .Crim. R. 1.1(f); *see United States v. Rush*, No. 1:22-cr-00045-DCN, 2024 WL 2245574, at *1 n.1 (D. Idaho May 16, 2024) (citing local rules as a basis for declining to hold a hearing on a pending criminal motion).

**MEMORANDUM DECISION AND ORDER - 1**

## I.   BACKGROUND

On July 16, 2024, Defendant Michael Sharp was indicted for unlawful possession of a firearm under 18 U.S.C. § 922(g)(1) (Dkt. 2). The Indictment alleges Sharp knowingly possessed thirty-six firearms, which were shipped and transported in interstate and foreign commerce, in violation of § 922(g)(1) (Dkt. 49 at 1-4). Further, the Indictment alleges Sharp had "previously been convicted of a crime punishable by imprisonment for a term exceeding one year, to-wit: Lewd Conduct with a Child, the District Court of the First Judicial District of the State of Idaho, in case number CR-2000-596 . . . ." (Dkt. 2 at 1).

On May 9, 2024, a three-judge Ninth Circuit panel decided *United States v. Duarte*, 101 F.4th 657, 691 (9th Cir. 2024), finding § 922(g)(1) violated the defendant's Second Amendment rights and is unconstitutional as applied to him. The Government petitioned the Ninth Circuit to rehear *Duarte* en banc. The Ninth Circuit granted that petition and vacated the three-judge panel's decision. *United States v. Duarte*, 108 F.4th 786 (9th Cir. 2024). On December 11, the en banc panel heard oral argument.

On December 5, 2024, Sharp filed a motion to dismiss the Indictment (Dkt. 35). Sharp argues that § 922(g)(1) is unconstitutional on its face and as applied to him personally (Dkt. 35). Given the then-pending *Duarte* en banc decision and its potential impact on Sharp's case, the Government and Sharp filed a joint motion to hold Sharp's motion to dismiss the Indictment in abeyance (Dkt. 36). The Court granted the motion (Dkt. 39). In its order staying Sharp's case, the Court explained it would request supplemental briefing once the Ninth Circuit resolved *Duarte* (*id.* at 3).

On May 9, 2025, the Ninth Circuit issued its en banc decision in *Duarte*, holding that § 922(g)(1) is constitutional as applied to non-violent felons like Duarte. *United States v. Duarte*, 137 F.4th 743 (9th Cir. 2025). The petitioner in *Duarte* then moved to stay the issuance of the Ninth Circuit's mandate pending his petition for certiorari at the U.S. Supreme Court. *Duarte v. United States*, Case No. 22-50048, Unopposed Motion to Stay the Mandate (9th Cir. May 15, 2025). The Ninth Circuit granted this request. *Duarte*, Case No. 22-50048, Order (9th Cir. May 16, 2025) ("Appellant's unopposed motion to stay the issuance of this Court's mandate pending application for writ of certiorari is GRANTED."). As of the time of this order, the Ninth Circuit's mandate remains stayed.

Following the Ninth Circuit's en banc *Duarte* decision, the Government filed a motion to set Sharp's case for trial (Dkt. 47). Pursuant to this Court's previous order and in light of the en banc *Duarte* decision, the Court requested the parties to submit any supplemental briefing no later than July 2 regarding the *Duarte* decision's impact on the instant case (Dkt. 48). Neither party submitted supplemental briefing. Instead, on July 9, Sharp filed a motion to stay proceedings because of *Duarte's* forthcoming petition for certiorari to the U.S. Supreme Court and the Ninth Circuit's stay of its mandate pending this petition (Dkt. 49).

The status of *Duarte's* petition for certiorari remains pending. Following *Duarte's* two requests for an extension of time, the Supreme Court's deadline for the *Duarte* petition for certiorari is October 6, 2025. *See Steven Duarte v. United States*, Application 25A123, Order ("Application (25A123) granted by Justice Kagan extending the time to file until October 6, 2025") (S. Ct. Aug. 21, 2025). As of the time of this Order, the petitioners in *Duarte* have yet to file their petition for certiorari with the U.S. Supreme Court.

**MEMORANDUM DECISION AND ORDER - 3**

## II.    ANALYSIS

A.    **Sharp's Motion to Stay Proceedings**

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The definiteness on a stay's duration weighs heavily in the court's analysis. *See Landis v. North American Co.*, 299 U.S. 248, 257 (1936) ("The stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description."). *Id*. As a general principle, a stay that covers an "immoderate stretch of time" is disfavored. *Id.* While a district court may appropriately stay a case when the Supreme Court has granted certiorari on a dispositive issue, courts are less deferential when faced with an indeterminate possibility that the Supreme Court may grant certiorari for a yet-to-be filed petition. *See, e.g.*, *United States v. Johnson*, No. CR 11-140-BLG-SPW, 2018 WL 9617234, at *1 (D. Mont. Sept. 28, 2018) (denying stay where defendant cited possibility of yet-to-be filed appeal). Whether or not the court grants a stay, the moving party has the same opportunity as other litigants to vindicate their rights on appeal. *Id.*

Here, Sharp requests the Court stay proceedings "pending [the] certiorari decision in *Duarte*" (Dkt. 49 at 3). As of the time of this order, the petitioner in *Duarte* has yet to file his petition for certiorari. The current deadline for his petition is October 6, 2025. *See Duarte*, Application 25A123, Order (S. Ct. Aug. 21, 2025). Thereafter, the Government may waive its right to respond, agree with the petition, respond in opposition, or request an extension of time to file its response, which would further extend the briefing timeline. This Court cannot forecast the likelihood as to whether the Supreme Court will grant *Duarte's* petition. The Court notes only that

MEMORANDUM DECISION AND ORDER - 4

the *Duarte* petitioner has yet to file his petition; the Government has yet to address the petition; and the Court has no way to predict if or when a petition will be considered. *See, e.g.*, *Faust v. United States*, No. 24-6897, 2025 WL 1603623 (U.S. June 6, 2025) (denying petition for writ of certiorari regarding facial and as-applied constitutional challenge to § 922(g)(1)); *Gayfield v. United States*, No. 24-7141, 2025 WL 1679024 (U.S. June 16, 2025) (denying certiorari for facial challenge to § 922(g)(1)); *Talbot v. United States*, No. 24-7232, 2025 WL 1727442 (U.S. June 23, 2025) (denying certiorari for facial and as-applied challenge to § 922(g)(1)); *Nordvold v. United States*, No. 24-6452, 2025 WL 1787759 (U.S. June 30, 2025) (same).

Accordingly, the Court will deny Sharp's request for a stay because the stay would not be moderate or definite. Should the Supreme Court grant certiorari in *Duarte*, Sharp may renew his request for a stay.

**B.      Sharp's Motion to Dismiss**

The en banc panel in *Duarte* held that 18 U.S.C. § 922(g)(1) is "not unconstitutional as applied to non-violent felons like Steven Duarte." *Duarte*, 137 F.4th at 748. In applying the two-step framework of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), a majority of the panel concluded that (1) the Second Amendment's plain text covered the conduct of felons like Steven Duarte, and (2) that § 922(g)(1) was consistent with the nation's historical tradition of firearm regulation. *Duarte*, 137 F.4th at 752-755 ("Duarte's status as a felon does not remove him from the ambit of the Second Amendment; he is one of 'the people' who enjoys Second Amendment rights . . . . Turning to the second step of the *Bruen* analysis, we hold that the Government has met its burden of showing that § 922(g)(1) 'is consistent with the Nation's historical tradition of firearm regulation.'") (citing *Bruen*, 597 U.S. at 24).

**MEMORANDUM DECISION AND ORDER - 5**

As a preliminary issue, the Court considers the effect of *Duarte* pending the Ninth Circuit's mandate, which is currently stayed. *Duarte*, Case No. 22-50048, Order (9th Cir. May 16, 2025) (order granting stay of mandate); *Duarte*, Case No. 22-50048, Appellant Steven Duarte Correspondence (9th Cir. Aug. 25, 2025) ("This letter constituted notification of [the] second extension [for a petition of certiorari] granted by the Supreme Court. Accordingly, the stay of the mandate should continue at least through October 6, 2025."). The "law of the circuit doctrine" advises that, absent narrow exceptions, a decision of an appellate court is binding authority that "must be followed unless and until overruled by a body competent to do." *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc) (quoting *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001)). In other words, the judgment by an appellate court is "nevertheless final for such purposes as stare decisis, and full faith and credit, unless it is withdrawn by the court," even if the appellate court's mandate has not yet issued. *Wedbush, Noble, Cooke, Inc. v. SEC*, 714 F.2d 923, 924 (9th Cir. 1983). Here, the Ninth Circuit's en banc decision in *Duarte* is published, and it has yet to be reconsidered or overruled by the Ninth Circuit or U.S. Supreme Court. Accordingly, the Supreme Court must treat *Duarte* as binding authority in this case.

Here, the Ninth Circuit's two-part analysis in *Duarte* applies neatly to Sharp's case: (1) the Second Amendment's plain text applies the conduct of felons like Sharp, and (2) § 922(g)(1) as applied to a non-violent felon like Sharp is consistent with the nation's historical tradition of firearm regulations. *Duarte*, 137 F.4th at 752-55. Since *Duarte* affirmed the constitutionality of 922(g)(1) as applied to non-violent felons, the Court need not address Sharp's arguments regarding "categorical restrictions on firearm ownership." *See Duarte*, 137 F.4th at 761 ("History does not require 'felony-by-felony litigation' to support the application of § 922(g)(1).") (citing *Rahimi*,

602 U.S. at 698; *United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024); *United States v. Hunt*, 123 F.4th 697, 700 (4th Cir. 2024)). Sharp has provided the Court with no basis to depart from the majority holding in *Duarte*, which is binding law in the Ninth Circuit pending reconsideration or reversal. Accordingly, the Court denies Sharp's motion to dismiss because § 922(g)(1) is constitutional as applied to non-violent felons like himself.

### III.  ORDER

**IT IS ORDERED that:**

1. Defendant Michael Sharp's Motion to Dismiss (Dkt. 35) is **DENIED**.

2. Defendant's Motion for a Stay of Proceedings (Dkt. 49) is **DENIED.** Accordingly, the Court **GRANTS** the Government's Motion to Set the Case for Trial (Dkt. 46).

3. The Court will issue an order setting the case for trial and establishing deadlines to govern the case.

DATED: September 30, 2025

Amanda K. Brailsford
U.S. District Court Judge